UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60015-CIV-GRAHAM/O'SULLIVAN

TERRY TUCKER, individually
and on behalf of others similarly situated,

    Plaintiff,

v.

LINDSTROM AIR CONDITIONING, INC.
a foreign corporation,

    Defendant.
_____/

### PLAINTIFF, TERRY TUCKER, AND OPT-IN PLAINTIFFS, FRANCISCO CAJIGAS, ELADIO CHRISTIAN, AND EDWARD DAVIS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EVIDENTIARY HEARING ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

    Plaintiff, TERRY TUCKER ("TUCKER"), and Opt-in Plaintiffs, FRANCISCO CAJIGAS ("CAJIGAS"), ELADIO CHRISTIAN ("CHRISTIAN"), and EDWARD DAVIS ("DAVIS") (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby file their Response in Opposition to Defendants' Motion for Evidentiary Hearing on Plaintiffs' Motion for Attorney's Fees and Costs ("Defendants' Motion"), and state:

    Defendants' Motion is procedurally defective in that it is just another vehicle for Defendants' repeated misrepresentations, which have persisted throughout the case, *ad nauseam*. Instead of including the information prescribed by the Local Rules, Defendants include irrelevant, repetitive, and, most importantly, patently untrue contentions, which the undisputed facts conclusively refute.

-1-

See, Plaintiffs' Reply in Support of Fee Motion, filed contemporaneously herewith, *passim*. Indeed, **Defendants' Motion fails to contain any of the information required by the Local Rules**. See, Local Rule 7.1.B.1. First, Defendants fail to advise the Court why a hearing is necessary when they have made the exact same contentions in their Response to Plaintiffs' Fee Motion. Compare, D.E. 101 (Defendants' Motion for Evidentiary Hearing), with D.E. 102 (Defendants' Response to Plaintiffs' Fee Motion). Id. Second, Defendants fail to advise the Court of the amount of time required for their requested evidentiary hearing. Id. Third, Defendants failed to confer with Plaintiffs prior to filing the Motion. Local Rule 7.1.A.3. Defendants' failure to comply with the Local Rules is reason alone to deny their Motion. Williams v. Ocean View Title Co., 2007 U.S. Dist. LEXIS 48175 (S.D. Fla. 2007).[1]

Defendants' Motion also should be denied because it is merely part of Defendants' ongoing campaign to turn the fee litigation into a "second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting, Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). As the Eleventh Circuit has noted:

> It is "perfectly proper to award attorney's fees based solely on affidavits in the records." "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses."

Gonzalez v. J.C. Penny Corp., 209 Fed. Appx. 867 (11th Cir. 2006) (internal citations omitted).

Notwithstanding this controlling law, Defendants request a hearing when, according to their own procedurally defective Motion, a hearing would add nothing new to the Court's consideration of Plaintiffs' Fee Motion. Further, Defendants' strike this path notwithstanding the Honorable Magistrate Judge's admonition that they will be liable for the fees incurred by Plaintiffs litigation

---

[1] Such failure also is grounds for sanctions. Id. at *3.

their Fee Motion. And, again, substantively, Defendants' Motion for Evidentiary Hearing clearly demonstrates that they have nothing new to say. Compare, D.E. 101 (Defendants' Motion for Evidentiary Hearing), with D.E. 102 (Defendants' Response to Plaintiffs' Fee Motion).

Having failed to demonstrate how an evidentiary hearing would be "helpful to the Court," (which is, of course, the relevant standard),[2] it is fair to presume that the requested hearing will be nothing short of a colossal waste of time, money and other resources.[3] See, Thompson v. Pharm. Corp. of Am., Inc., 334 F.3d 1242, 1245-46 (11th Cir. 2003).

For all these reasons, Defendants' Motion for Evidentiary Hearing on Plaintiffs' Motion for Attorney's Fees and Costs should be denied.

Dated: November  2 , 2007                                Respectfully submitted,
       Boca Raton, Florida

                                                         **s/GREGG I. SHAVITZ**
                                                         Gregg I. Shavitz
                                                         Florida Bar No.11398
                                                         E-mail: gshavitz@shavitzlaw.com
                                                         SHAVITZ LAW GROUP, P.A.
                                                         1515 South Federal Highway, Suite 404
                                                         Boca Raton, Florida 33432
                                                         Telephone: 561-447-8888
                                                         Facsimile: 561-447-8831
                                                         Attorneys for Plaintiff

---

[2] Local Rule 7.1.B.3.

[3] Faced with the glaring deficiencies in their Motion, should Defendants attempt to raise new matters in their Reply, that tactic would, of course, also be in violation of the Local Rules. Local Rule 7.1.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on **November  2  , 2007**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                            **s/GREGG I. SHAVITZ**
                                              Gregg I. Shavitz

**SERVICE LIST**
**Terry Tucker v. Lindstrom Air Conditioning Inc.**
**CASE NO. 07-60015-CIV-GRAHAM/O'SULLIVAN**
**United States District Court for the Southern District of Florida**

Clifford A. Wolff, Esq.
Law Offfices of Clifford A. Wolff
E-mail: cwolff@wolfflawfirm.com
P. O. Box 11421
Fort Lauderdale, FL 33339
Tel: 954-599-9653
Fax: 954-827-8300
Attorneys for Defendant, Lindstrom Air Conditioning, Inc.
Served via CM/ECF